UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61120-CIV-ALTMAN/Hunt

CYNTHIA RYAN *and*
ROBERT RYAN,

      Plaintiffs,

v.

ALLSTATE INSURANCE
COMPANY,

      Defendant.
_____/

# ORDER

**THIS MATTER** comes before the Court upon a *sua sponte* review of the record.

On July 3, 2019, the Court entered an Order scheduling mediation for January 8, 2020. *See* January 8 Order [ECF No. 12]. After the parties asked to reschedule the mediation for January 22, 2020, the Court entered a Revised Order scheduling mediation for that day. *See* Revised Order [ECF No. 18]. The Revised Order required the parties to file a mediation report within three days of mediation—that is, by January 25, 2020—and warned the parties that any failure to comply with its terms "may result in sanctions, including dismissal without prejudice and without further notice." *See id.*

But, despite never asking for an extension of the report deadline, the parties failed to file a mediation report. Indeed, as it turns out, the parties never participated in mediation at all. For that reason, on February 1, 2020, the Court entered an Order to Show Cause [ECF No. 20], in which it directed the parties to file their mediation report and to indicate the results of the January 22, 2020 mediation. The Court again warned the parties that a failure to comply with the Court's orders "may result in sanctions, including dismissal without prejudice and without further notice." *See id.*

As of the date of *this* Order, however, only the Defendant has responded to the Court's Order

to Show Cause. *See* Defendant's Response [ECF No. 21-1]. In its Response, entitled "Mediation Report," the Defendant attached an e-mail, in which Plaintiffs' counsel argued, without any support, that the Court had "terminat[ed]" the scheduled mediation. *Id*. In that same email, Plaintiffs' counsel facilely offered the Defendant three new mediation dates—two of which post-date the Court's deadline for completing mediation. *Id*.

But the Court has never "terminated" its Revised Order. Nor has Plaintiffs' counsel made any effort (1) to clarify any prior Court order; (2) to seek leave to reschedule mediation within the parameters of the Court's Scheduling Order; or (3) to respond to the Court's Order to Show Cause.

District courts have "unquestionable authority" to control their own dockets and may dismiss an action *sua sponte* for a plaintiff's failure to comply with court orders—so long as the court gives the plaintiff notice of its intent to dismiss and an opportunity to respond. *Frank v. Schulson et al.*, No. 18-14779, 2019 WL 3545891, at *1 (11th Cir. Aug. 5, 2019); *see also Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice for failure to comply with a court order was not an abuse of discretion). Despite the Court's unambiguous instructions, the Plaintiffs have failed to acknowledge—let alone comply with—this Court's orders. Accordingly, the Court hereby

**ORDERS AND ADJUDGES** this case is **DISMISSED without prejudice.** The Clerk of Court is instructed to **CLOSE** this case, any hearings are **CANCELLED**, and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 6th day of February 2020.

_____
**ROY K. ALTMAN
UNITED STATES DISTRICT JUDGE**

cc:    counsel of record