UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-61120-RKA

**CYNTHIA RYAN and ROBERT RYAN**,
    Plaintiffs,
vs.

**ALLSTATE INSURANCE COMPANY**,
    Defendant.
_____|

**PLAINTIFFS' MOTION TO VACATE ORDER OF DISMISSAL**

COME NOW Plaintiffs, Cynthia Ryan and Robert Ryan, by and through undersigned counsel, hereby file this Motion to Vacate Order of Dismissal (the "Motion"), and in support thereof, states as follows:

**PROCEDURAL HISTORY**

1. On or about April 8, 2019, Plaintiffs filed the instant breach of contract action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

2. Service of process was made on Defendant on or about April 12, 2019.

3. On May 2, 2019, Defendant sought removal to Federal Court [Doc. 1].

4. On June, 4, 2019, the Honorable court entered an Order Setting Trial and Pre-Trial Schedule [Doc. 10].

5. The Order Setting Trial and Pre-Trial Schedule set a deadline for mediation to be completed no later than February 25, 2020.

6. On July 1, 2019, the parties filed a Joint Notice of Filing Order Scheduling Mediation [Doc. 11].

7. On July 3, 2019, the Honorable court entered an Order Scheduling Mediation for January 8, 2020 at 10:00 a.m. before Michael Essington [Doc. 12].

8. On December 2, 2019, parties filed a Joint Notice of Filing Amended Order Scheduling Mediation [Doc. 15] notifying the Court that mediator, Michael Essington, needed to reschedule the mediation to January 22, 2020.

9. On December 3, 2019, the Honorable court entered an Order Scheduling Mediation for January 22, 2020 at 10:00 a.m. before Michael Essington [Doc. 18].

10. On December 3, 2019, the Honorable court entered a docket entry that read as follows: ***Settlement Conference Deadline terminated per chambers' instruction. (ar2)."

11. On or around January 6, 2020, Plaintiff's grandmother passed away and the Plaintiffs immediately left town to be with their family.

12. On or about January 17, 2020, legal assistant Nicole Woods, erroneously interpreted the court's docket entry entered on December 3, 2019, terminating the settlement conference deadline, as the court terminating the February 25, 2020 mediation deadline.

13. Therefore, legal assistant Nicole Woods, attempted to reschedule the mediation scheduled for January 22, 2020 due to Plaintiffs' circumstances due to their loss at that time.

14. Due to this clerical mistake, the mediation scheduled for January 22, 2020 did not go forward.

15. On February 1, 2020, the Court entered an Order to Show Cause [Doc. 20], in which it directed the parties to file their mediation report and to indicate the results of the January 22, 2020 mediation. The Court again warned the parties that a failure to comply with the

Court's orders "may result in sanctions, including dismissal without prejudice and without further notice."

16. On February 6, 2020, this Honorable court entered a Final Order of Dismissal dismissing this matter without prejudice [Doc. 25].

## MEMORANDUM OF LAW

17. The aforementioned facts establish that Plaintiffs' failure to attend and/or reschedule mediation by February 25, 2020 was due to a clerical mistake.

18. Pursuant to Rule 1.540 (b) of the Florida Rules of Civil Procedure, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." See Fla. R. Civ. P. 1.540.

19. The case of Somero v. Hendry General Hospital, 467 So.2d 1103, (Fla. 4th DCA 1985), like the case at bar, involved a Plaintiffs seeking relief pursuant to Rule 1.540(b) of the Florida Rules of Civil Procedure.

20. In reversing the trial court's Order of Dismissal, the Fourth District Court of Appeals concluded, "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir, then upon timely application accompanied by a reasonable and credible explanation the matter should be permitted to be heard on the merits. It is a gross abuse of discretion for the trial court to rule otherwise (emphasis added)." Id at 1106.

21. The instant case warrants the exact same outcome as Somero – relief from the court's Order of Dismissal.

22. Plaintiffs' inaction is exactly the type of situation the Court stated warranted relief in Somero: "inadvertence and/or excusable neglect based on "reasonable misunderstanding, a system gone awry or any other of the foibles to which human nature is heir". Id at 1106.

23. Plaintiffs respectfully request an opportunity to have this action decided on the merits.  As the Court stated in Somero, "[i]t is axiomatic that Florida jurisprudence favors liberality in the area of setting aside defaults in order that parties may have their controversies decided on the merits." Id at 1106.

24. Undersigned counsel seeks the Court's understanding of the facts that gave rise to Plaintifs' failure to coordinate and attend mediation by February 25, 2020.

25. Plaintiffs' Motion to Vacate the Order of Dismissal is timely filed.  Pursuant to Rule 1.540(b) a motion shall be filed within a reasonable time, and…not more than 1 year after the judgment, decree, order, or proceeding was entered or taken. Fla. R Civ. Proc 1.540(b).

26. Accordingly, this Court should find that Plaintiffs are entitled to relief and grant the Motion to Vacate Order of Dismissal.

27. Plaintiffs intends to continue with this case and to dismiss it now would prejudice Plaintiffs as they cannot refile due to a time bar set by FEMA.

28. Undersigned counsel has not had a chance to confer with Defendant's counsel as of yet but intends to schedule such conference at the first available time for both parties.

29. Plaintiffs pray that this cause be retained on the Docket and that Plaintiffs have such other and further relief to which Plaintiffs may show Plaintiffs to be justly entitled.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enter an Order (a) vacating the Order of Dismissal entered on February 6, 2020 (b) retaining this cause on the Court's docket and that it remains active and pending; and (c) granting such other and further relief as this Court deems just and proper.

/s/ Tracey Foglia
Florida Professional Law Group, PLLC
Tracey Foglia, Esq.
Florida Bar No. 102617
4600 Sheridan St., Suite 303
Hollywood, FL33021
Tel.  (954) 284-0900
Fax.  (954) 284-0747
E-mail: tfoglia@flplg.com
E-mail: eservice@flplg.com
*Attorneys for Plaintiffs, Cynthia Ryan and Robert Ryan*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 9, 2020, a true and correct copy of the foregoing was emailed to: J. Michael Pennekamp, jmp@fowler-white.com.

**SERVICE LIST**

J. Michael Pennekamp, Esq.
Fowler White Burnett, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
J. Michael Pennekamp, JPennekamp@fowler-white.com